JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
JUSTIN D. WHATCOTT, IDAHO STATE BAR NO. 6444
FIRST ASSISTANT UNITED STATES ATTORNEY
HEATHER S. PATRICCO, DISTRICT OF COLUMBIA BAR NO. 465883
DAVID G. ROBINS, IDAHO STATE BAR NO. 8494
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF IDAHO
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No.: 2:24-cr-00093-DCN |
|---|---|
| Plaintiff, | |
| vs. | **UNOPPOSED MOTION TO DESIGNATE CASE AS COMPLEX UNDER SPEEDY TRIAL ACT, CONTINUE JURY TRIAL, AND MODIFY PROCEDURAL ORDER** |
| ALEXANDER SCOTT MERCURIO, | |
| Defendant. | |

The United States of America, by and through Joshua D. Hurwit, United States Attorney, and the undersigned Assistant United States Attorneys for the District of Idaho, submits this motion seeking an order from the Court designating this case as complex, continuing the jury trial, excluding time for purposes of the Speedy Trial Act, and modifying the Court's procedural order. Counsel for the Defendant has reviewed this motion and has no objection to it.

UNOPPOSED MOTION TO DESIGNATE CASE AS COMPLEX UNDER SPEEDY TRIAL ACT, CONTINUE JURY TRIAL, AND MODIFY PROCEDURAL ORDER - 1

### I.     BACKGROUND

On April 9, 2024, the Defendant was charged by an Indictment for the crime of Attempt to Provide Material Support to a Designated Foreign Terrorist Organization pursuant to 18 U.S.C. § 2339B.  On April 10, 2014, the Defendant was arraigned before U.S. Magistrate Judge Debora K. Grasham.  At the arraignment, Judge Grasham issued a procedural order ("first procedural order") setting a time frame for the parties to provide discovery and file pre-trial motions.  The Court set the jury trial to begin on May 28, 2024.

### II.    MOTION TO DESIGNATE CASE AS COMPLEX AND CONTINUE JURY TRIAL

The Court may properly exclude certain periods of delay in computing the time within which trial must commence under the Speedy Trial Act.  Specifically, under 18 U.S.C. § 3161(h)(7)(A), the court may exclude a period of time from the speedy trial period where it finds that "the ends of justice served by taking such action outweigh the best interest of the public and the Defendant in a speedy trial." *Id.*  A continuance may be granted "by any judge on his own motion or at the request of the Defendant or his counsel or at the request of the attorney for the Government." *Id.*  In considering whether to grant a continuance requested under such provision, one of the factors which the court shall consider is:

> Whether the case is so unusual or complex, due to the number of Defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. § 3161(h)(7)(B)(ii).

Here, the Government submits and the Defendant agrees, that the case is unusual and complex within the meaning of the above statute and thus a continuance of the trial and other

UNOPPOSED MOTION TO DESIGNATE CASE AS COMPLEX UNDER SPEEDY TRIAL ACT, CONTINUE JURY TRIAL, AND MODIFY PROCEDURAL ORDER - 2

proceedings is warranted.

The present charges stem from an investigation conducted by the Federal Bureau of Investigation ("FBI") involving international terrorism. The evidence in this case stems from multiple sources including confidential human sources (CHSs), undercover employees (UCEs), the search of multiple electronic devices, physical surveillance, and documents and electronic evidence obtained through grand jury subpoenas. Additionally, a portion of the evidence is in a foreign language requiring translation. The defense will need sufficient time to translate, review, analyze and investigate the evidence such that it can intelligently pursue pretrial motions, retain experts if necessary and mount a vigorous defense. Given the number of documents, the nature of evidence collected, to include evidence in a foreign language and the multiple issues involved in the discovery process, the Government requests and the Defendant agrees that the case be declared complex.

As part of the prosecution, the Government expects that issues regarding the discovery, disclosure and/or use of classified information will arise. The use of classified information is governed by the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III. CIPA is a set of procedures by which federal district courts and magistrate courts rule on pretrial matters concerning the discovery, admissibility, and use of classified information in criminal cases. *United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1363 (11th Cir. 1994). CIPA entails a layer of procedures designed to "harmonize a Defendant's right to obtain and present exculpatory material [at] trial and the Government's right to protect classified material in the national interest." *United States v. Pappas*, 94 F.3d 795, 799 (2d Cir. 1996). The various CIPA procedures which must be followed when dealing with classified information undoubtedly will cause delay in the course of

preparing the present case for pretrial motions and trial. Similarly, the Government needs extra time to ensure that it has adequate opportunity to make full review of the evidence before disclosure and to ensure that CIPA's procedural dictates are followed.

Based on the above factors, the Court should find that the case is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the ordinary time limits of the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). Moreover, the court should find that a continuance of the case on the above grounds satisfies the ends of justice and outweighs the best interests of the public and the Defendant to a speedy trial; *see* 18 U.S.C. § 3161(h)(7)(A); and that the failure to grant a continuance would result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i). The parties understand and agree that any continuances granted pursuant to this request will constitute excludable delay for purposes of all relevant time limits established by the Speedy Trial Act.

At this time, the Government cannot specify the length of the continuance that is necessary in the interests of justice because it is early in the proceedings and the complex issues referred to in this motion have not been fully developed. Thus, it is not able to provide a meaningful estimate of how much time will be needed to adequately prepare this matter for trial. Nevertheless, the Government recognizes that open-ended continuances under § 3161(h)(7) are disfavored. *See United States v. Spring*, 80 F.3d 1450, 1457 (10th Cir. 1996) (preferable to set specific ending date for continuance; there are rare cases where that is not possible, and open-ended continuance for reasonable time period permissible). Therefore, the Government submits that the Court should enter an order continuing the trial to at least February 2025, finding excludable delay from the date of the Defendant's arraignment on April 10, 2024. The Government further recommends that the

Court set a status conference in 45 days for the parties to report on the progress of discovery and any other issues arising in the case.

## MOTION TO MODIFY PROCEDURAL ORDER

The nature of discovery in this case will make it impossible for the parties to comply with the first procedural order issued by Judge Grasham. As such, the Government requests that the Court modify the first procedural order to read as follows:

### Discovery

IT IS ORDERED THAT:

1. The Defendant has requested discovery pursuant to Federal Rule of Criminal Procedure 16. The Government shall, under Rule 16, through the exercise of due diligence, begin providing discovery to the Defendant as soon as practicable. No time limit is imposed at this time for the Government to comply with its discovery requirement. The Government shall, through the exercise of due diligence, provide discovery under Rule 16 to the Defendant in an ongoing fashion, producing discovery materials to the defense as soon as practicable.

2. Disclose all material evidence within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Agurs*, 427 U.S. 97 (1976) and *Kyles v. Whitley*, 514 U.S. 419 (1995) and their progeny.

3. No time limit is imposed on the Defendant to comply with its Rule 16 disclosures to the Government. The Defendant shall, through the exercise of due diligence, provide Rule 16 discovery to the Government in an ongoing fashion, producing discovery materials to the Government as soon as practicable.

4. Upon written motion properly filed and served and a sufficient showing (in camera if appropriate) the Court may at any time order that the discovery or inspection provided for by this order be denied, restricted or deferred, or make such other order as is appropriate. The Court may at any time modify the procedural order as appropriate to ensure that discovery is completed in time for the parties to fully investigate and prepare for trial.

III. **CONCLUSION**

For these reasons, the Government requests, and the Defendant does not oppose, the Court issuing an order designating this case as complex and continuing the jury trial, excluding time for purposes of the Speedy Trial Act, and modifying the procedural order.

Respectfully submitted this 3rd day of May, 2024.

JOSHUA D. HURWIT
UNITED STATES ATTORNEY
By:

*/s/ Justin D. Whatcott*
JUSTIN D. WHATCOTT
FIRST ASSISTANT UNITED STATES ATTORNEY

*/s/ Heather S. Patricco*
HEATHER S. PATRICCO
ASSISTANT UNITED STATES ATTORNEY

*/s/ David G. Robins*
DAVID G. ROBINS
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO