JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
JUSTIN D. WHATCOTT, IDAHO STATE BAR NO. 6444
FIRST ASSISTANT UNITED STATES ATTORNEY
HEATHER S. PATRICCO, DISTRICT OF COLUMBIA BAR NO. 465883
DAVID G. ROBINS, IDAHO STATE BAR NO. 8494
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF IDAHO
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:24-cr-00093-DCN |
| Plaintiff, | **UNOPPOSED MOTION FOR** |
| vs. | **PROTECTIVE ORDER** |
| ALEXANDER SCOTT MERCURIO, | |
| Defendant. | |

The United States of America, by and through Joshua D. Hurwit, United States Attorney, and the undersigned Assistant United States Attorneys for the District of Idaho, hereby submits this Motion for Protective Order. The United States has discussed and shown this motion to defense counsel, and they have no objection to this motion.

There are three categories of discovery the United States seeks to protect from unauthorized disclosure: (1) personal identifiers of third parties, including addresses, dates of birth, medical information, social security numbers, etc. within the general discovery materials; (2) sensitive

UNOPPOSED MOTION FOR PROTECTIVE ORDER - 1

discovery material (as defined below); and (3) any personal identifiers of FBI Confidential Human Source(s) ("CHS") and Undercover Employee(s) ("UCE"), whether the information is found within general discovery or sensitive discovery materials.[1]  When producing discovery, the United States will notify defense counsel what materials are considered general discovery and what materials are considered sensitive discovery and mark them accordingly.

Discovery materials, however designated, and any and all copies, notes, transcripts, documents, and other information and materials derived or prepared from the discovery materials, may be used by the Defendant, defense counsel, and defense team[2] only for the purposes of defending against the charges in the above-captioned cases, including but not limited to preparation for trial and any sentencing, appeal, or collateral attack, which was commenced within one year of the exhaustion of the Defendant's appellate rights, involving the charges in the above-captioned case.

None of the discovery materials, nor any copies, notes, transcripts, documents, or other information and materials derived or prepared from the discovery materials, shall be disseminated to, or discussed with, the media in any form. Nothing in this Protective Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial,

---

[1] It is important to note that even if the personal identifiers of a CHS/UCE are known to Defendant or defense counsel through an independent source, this does not necessarily mean that information has been declassified.  Any anticipated disclosure of classified information must be addressed pursuant to the provisions of the Classified Information Procedures Act, ("CIPA"), 18 U.S.C. App. III § 1, et seq.

[2] "Defense team" refers to the Defendant and attorneys appointed to represent him in this matter, along with their co-counsel, paralegals, investigators, translators, litigation support personnel, defense experts and administrative staff directly assisting them in this matter.  Defense experts are experts that are consulted or retained to assist in the preparation of the defense.

UNOPPOSED MOTION FOR PROTECTIVE ORDER - 2

or other proceeding.

The requested Protective Order is necessary for the following reasons:

First, discovery in this case will be complex. To be able to provide the Defendant with discovery in a timely manner, the United States will be turning over large portions of general discovery and may not be able to properly redact all personal identifiers of third parties, such as home addresses, birth dates, social security numbers, etc.

Second, the United States has a substantial and compelling interest in preventing sensitive, but unclassified, discovery material from being disclosed to anyone not a party to the court proceedings in this matter. Such material may include information relevant to ongoing national security investigations and prosecutions.

Third, if any information concerning the true or covert identities of any CHS/UCE is declassified, the United States has a substantial and compelling interest in preventing this information from being disclosed to anyone not a party to the court proceedings. Protection of any unclassified information regarding any CHS/UCE may be necessary to protect ongoing national security investigations and prosecutions. Protection may also be necessary for the personal safety of a CHS/UCE or others.

Federal Rule of Criminal Procedure 16(d)(1) provides this Court with authority to grant appropriate relief to parties for good cause shown. Accordingly, the United States requests that the Court grant this Motion for a Protective Order as set out below.

A. **Protection of Third-Party Personal Identifiers Within the General Discovery**

As part of its obligation pursuant to Federal Rule of Criminal Procedure 16, the United States will provide the Defendant with general discovery documents which may be subject to the Privacy Act, 5 U.S.C. § 552, the Disclosure of Information in Possession of the Social Security

Administration Act, 42 U.S.C. § 1306, Federal Rule of Criminal Procedure 49.1, District of Idaho

Local Criminal Rules 1.1 and/or District of Idaho Local Civil Rule 5.5, because they may contain

names, addresses, social security numbers, dates of birth and financial account numbers.  In order

to limit the dissemination of the above-described protected general discovery, the United States

asks that the Court apply the following protective conditions:

1.   "General discovery materials" shall not be further disseminated[3] by the Defendant or his

counsel of record to any individuals, organizations, or other entities, other than members of the

defense team.

2.   Each of the individuals to whom disclosure is made pursuant to the above provision shall

be provided a copy of this Protective Order and will be advised that he or she shall not further

disseminate the materials except by the express direction of counsel of record or co-counsel.  In

addition, counsel of record for the Defendant, and any defense investigator may show (but not

provide copies of) any of such general discovery materials to witnesses or potential witnesses, if

it is determined by Defendant's counsel of record that it is necessary to do so for the purpose of

preparing the defense of the case.

3.   Any general discovery in this case, including any copies, notes, summaries, etc., will be

stored at defense counsel's office or the office of defense expert(s).

4.   Any document filed with the Court, including any attachment, which contains protected

general discovery, or a description or reproduction thereof, will be filed in redacted form (redacting

the portions of the pleading referencing protected general discovery) or under seal pursuant to

District of Idaho Local Criminal Rules 1.1 and 6.0 and District of Idaho Local Civil Rules 5.3 and

---

[3] "Disseminated" means to provide, show or describe to another either a particular piece of
discovery or quotations, excerpts, or summaries derived therefrom.

UNOPPOSED MOTION FOR PROTECTIVE ORDER - 4

5.5.

5.  The procedure for use of protected general discovery during any hearing or trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial if such materials contain identifying information.

**B.  <u>Protection of Sensitive Discovery Materials</u>**

For the purposes of this motion for a Protective Order, the term "sensitive discovery materials" includes all declassified (formerly classified) information or materials that may be reviewed by or made available to the Defendant or defense counsel in this case.

1.  "Sensitive discovery materials" shall not be further disseminated by the Defendant or his counsel to any individuals, organizations or other entities, other than members of the defense team.

2.  The United States shall appropriately mark sensitive discovery material.

3.  It is expressly understood that the Defendant, counsel for the Defendant, co-counsel, and members of the defense team shall not further disseminate any sensitive discovery materials to witnesses or potential witnesses, except as provided herein.

4.  Counsel of record for the Defendant, any co-counsel, and any defense investigator may show (but not provide copies of) sensitive discovery materials to witnesses or potential witnesses, if defense counsel determines that it is necessary to do so for the purpose of preparing the defense of the case.  However, the defense shall maintain a written record of the witnesses that have viewed the sensitive materials, the particular items viewed, and relevant dates and times.  Such written record shall be viewed by the Court, *in camera*, should sensitive discovery materials be handled in a manner inconsistent with the procedures set forth herein.  Upon motion and with good cause appearing, the Court may

UNOPPOSED MOTION FOR PROTECTIVE ORDER - 5

provide such written record to the United States in the event that the United States must investigate unauthorized disclosure(s) of discovery materials.

5. Each of the individuals to whom disclosure is made shall be provided a copy of the Protective Order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record or co-counsel.

6. Defense counsel in receipt of sensitive discovery materials may only share copies of such materials in accordance with the Protective Order. When sharing copies, defense counsel will maintain the designating and identifying discovery markings on the discovery materials as provided by the United States.

7. Any document filed with the Court, including any attachment, which contains sensitive discovery materials, or a description or reproduction thereof, shall be filed in redacted form (redacting the portions of the pleading referencing protected sensitive discovery) or under seal pursuant to District of Idaho Local Criminal Rules 1.1 and 6.0 and District of Idaho Local Civil Rules 5.3 and 5.5.

8. Counsel shall store all sensitive discovery materials, and any copies thereof, in a secure place within the defense counsel's office.

**C. CHS/UCE Personal Identifiers in Either General or Sensitive Discovery**

If any declassified information about the actual or cover personal identifiers[4] of CHS/UCE is included in both general and sensitive discovery materials, the United States requests that the Court put in place the following protections:

---

[4] In the context of CHS/UCE, such personal identifiers include not only identifiers such as addresses, Social Security numbers, and dates of birth, but also physical characteristics, true identity, and any other unique identifying number or characteristic.

UNOPPOSED MOTION FOR PROTECTIVE ORDER - 6

1. The Defendant and counsel will not publicly disclose the actual or cover names of any CHS/UCE in any pretrial filing or at any pretrial hearing in open court.

2. The Defendant and counsel will not disseminate any declassified information about a CHS/UCE except to members of the defense team.  Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of the Protective Order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record or co-counsel.

3. All audio and video recordings in which a CHS/UCE can be seen, heard, or is discussed shall not be copied or reproduced in any way unless the Defendant provides advance notice to the United States.  These materials will be provided by the United States to Defendant via digital media.  Notice must be given sufficiently in advance so as to permit briefing and argument on the propriety of such motion, if necessary.

4. All audio and video recordings in which a CHS/UCE can be seen, heard, or is discussed must be maintained at the office of defense counsel, and removed from such offices only by members of the defense team.

**D.** **General Provisions**

   The United States requests that these general provisions apply to the Protective Order as a whole:

1.  Any modifications of the Protective Order shall only be done by order of the Court. Until the Court rules on any such motion, no disclosure of protected general discovery shall be made, except in compliance with the Protective Order.

2. All discovery information that may be provided to the Defendant is the property of the United States. At the conclusion of this criminal matter, including any appeals or post-

UNOPPOSED MOTION FOR PROTECTIVE ORDER - 7

conviction proceedings, defense counsel shall return to the United States all discovery materials and any copies thereof.  Defense counsel shall also destroy any derivative contents of such sensitive discovery material, e.g., verbatim excerpts of recordings or transcripts (if they exist), other than attorney work product.

3. If the Defendant obtains substitute counsel, the Defendant, defense counsel, and the defense team will not transfer any portion of the discovery materials or any copies, notes, transcripts, documents, or other information and materials derived or prepared from the discovery materials unless and until such substitute counsel becomes counsel of record, has been provided a copy of the Protective Order, signs this Protective Order, and provides a signed copy to the United States.

4. The Defendant may review discovery materials only in the presence of defense counsel. The Defendant is prohibited from having possession, custody, or control of the discovery material, and any and all copies, notes, transcripts, documents, or other information and materials derived or prepared from the sensitive discovery material.

5. The Protective Order shall survive the termination of this action.

Respectfully submitted this 3rd day of May, 2024.

JOSHUA D. HURWIT
UNITED STATES ATTORNEY
By:

/s/ *Justin D. Whatcott*
JUSTIN D. WHATCOTT
FIRST ASSISTANT UNITED STATES ATTORNEY

/s/ *Heather S. Patricco*
HEATHER S. PATRICCO
ASSISTANT UNITED STATES ATTORNEY

/s/ *David G. Robins*
DAVID G. ROBINS
ASSISTANT UNITED STATES ATTORNEY

UNOPPOSED MOTION FOR PROTECTIVE ORDER - 9